HEIRS OF SIMÓN MAESO, ETC., Plaintiffs and Respondents, *v.* SECRETARY OF THE TREASURY, Defendant and Petitioner.

No. 11641. Resubmitted May 22, 1958.—Decided October 20, 1959.

*Hiram R. Cancio, Secretary of Justice (J. B. Fernández Badillo, former Secretary of Justice,* on the brief) and *Carlos N. Souffront, Assistant Attorney General,* for petitioner. *Toro & Malley* for respondent.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On June 24, 1953, the Secretary of the Treasury notified his decision on reconsideration of deficiency, that is, the final deficiency on income tax, to Maeso Hermanos, *S. en C.*, Carolina, Puerto Rico, for the years 1941 to 1950, inclusive, amounting to $32,144.64. In the aforementioned notification of final deficiency, said taxpayer was informed that if it wished to appeal in accordance with the law, it had to furnish a bond before the Secretary of the Treasury amounting to $33,500.

To challenge said deficiencies, the heirs of Simón Maeso, consisting of Gerardo, Cristina, Andrés, Manuel María, Amparo, and María Teresa Maeso, the latter represented by her guardian Gerardo Maeso, appeared before the Superior Court. They alleged they had been notified of the deficiencies as Maeso Hermanos, *S. en C.*; that since the death of their predecessor, the Estate (*Sucesión*) of Simón Maeso is and has been composed of the same persons; that the Estate is at present in the same condition of co-ownership of undivided property as it existed at the death of its predecessor; that the Estate of Simón Maeso has been filing annually and ever since it was constituted by virtue of law, income tax returns, having filed such returns specifically for the years 1941 to 1950, inclusive; that the Secretary of the Treasury notified the Estate of Simón Maeso, of a deficiency for the sum of $32,144.64, dated June 24, 1953, but addressed those notifications of deficiency to the name of Maeso Hermanos, *S. en C.*; that the Secretary of the Treasury erred in determining that the Estate of Simón Maeso was a partnership (*sociedad*) in the years involved in this case, because although it is true that the heirs called to the succession executed a deed forming a "*sociedad*," as a question of fact said *sociedad* was never duly constituted, nor were any contributions made, and hence, it was never engaged in any activity showing its existence, since it never conducted any commercial or other kind of

operations; that the Secretary of the Treasury erred in considering the Estate of Simón Maeso as a *sociedad*, since the last activity of the members of said Estate has been the enjoyment of their property, without having been engaged at any time in a business or lucrative operation; that prior to the date of the filing of the complaint, plaintiffs had furnished a bond for $33,500, according to the sum specified in the notification of deficiencies which was sent to them under the name of Maeso Hermanos, *S. en C.;* [1] that the deficiencies for

---

[1] The text of the bond presented to the Secretary of the Treasury by the Estate of Simón Maeso is as follows:

"Department of the Treasury

. "Bureau of Income Tax

"San Juan (Santurce), P. R.

"Bond to Guarantee the Payment of Income

Tax, Interests, Penalties, etc.

| "Taxpayer | : | Estate of Simón Maeso |
|---|---|---|
| "Address | : | Carolina, Puerto Rico |
| "Tax years | : | 1941–1950 |
| "Total of Tax | : | $32,144.64 |
| "Interests and Penalties | : | $ |
| "Amount of bond | : | $33,350.00 |

"Whereas, the filing of bond is required to meet the payment of the tax, interests, and penalties in the above-entitled case.

"Therefore, The Estate of Simón Maeso, taxpayer and principal, and UNION CREDIT BANK and ......................., as sureties, set forth that we are firmly bound unto the Commonwealth of Puerto Rico for the sum of thirty-three thousand five-hundred dollars ($33,500), legal tender of the United States of America, and for which payment we bind ourselves, our heirs, executors, administrators, successors and assignees, jointly and severally, we offered to this effect the guarantees specified and described below:

| "[ ] Of insurance company | [XXX] Collateral or pledging |
|---|---|
| "[ ] Of personal guarantee | guarantee consisting in: |
| "( ) Certified checks | ( ) Personal Property |
| "( ) Mortgage notes | ( ) Corporation stocks |
| "( ) Bonds of the U. S. Treasury | [XX] Deposit in bank in scrow |
| "( ) Bearer notes | ( ) Cash |

"Description of the Guarantee offered.

"See letter enclosed.

the years 1941 to 1950 for the sum of $32,144.64 flow from two actions of the Secretary of the Treasury, to wit: (a) the reliquidation on the part of the Bureau of Income Tax of the income and general deductions of the Estate of Simón Maeso, and (b) the decision of the Secretary of the Treasury that the Estate of Simón Maeso was a civil partnership (*sociedad*) and that it should pay taxes as such. The errors committed in the reliquidation year by year are stated in said complaint.

Defendant answered denying the existence, for income tax purposes, of the alleged *"Sucesión"* of Simón Maeso; sustaining the existence of the taxpayer Maeso Hermanos, *S. en C.*, to whom the deficiencies were notified, and alleging that the court lacked jurisdiction to entertain the case since Maeso Hermanos, *S. en C.*, had not furnished the bond required by law to appear in court.

"In witness whereof, we hereby sign today, July 22, 1953.
*"Estate of Simón Maeso* *Carolina, Puerto Rico*
 Taxpayer Address
"[Sgd.] *Gerardo Maeso*
 Gerardo Maeso, for himself
 and as Guardian of
 María Teresa Maeso
"[Sgd.] *Cristina Maeso*
 Cristina Maeso
"[Sgd.] *Andrés L. Maeso*
 Andrés L. Maeso
"[Sgd.] *Manuel María Maeso*
 Manuel María Maeso
"[Sgd.] *Amparo Maeso*
 Amparo Maeso
"Affidavit No. 257—

"Sworn to and subscribed before me by Gerardo Maeso, for himself and as guardian of María Teresa Maeso, Cristina Maeso, Andrés L. Maeso, Manuel María Maeso, and Amparo Maeso, whom I personally know, at San Juan, Puerto Rico, July 22, 1953.
"(seal) [Sgd.] Elmer Toro Luchetti"

The letter mentioned in the text of the bond is subscribed by the manager of the Credit Union Bank, in which he guaranteed the payment of the deficiency that the Estate of Simón Maeso might ultimately be compelled to pay.

The Secretary of the Treasury did not accept the bond furnished by the Estate and on August 3, 1953, he addressed the following letter to Maeso Hermanos, *S. en C.*:

At the commencement of the hearing of the case the Secretary of the Treasury raised the question of lack of jurisdiction of the court on the ground that the bond in the form it had been presented did not guarantee the payment of the tax which the *sociedad* Maeso Hermanos, *S. en C.*, to whom the deficiencies had been notified, was definitively compelled to pay, but that said bond guaranteed the tax liability of the Estate of Simón Maeso, to whom no deficiency had been notified, and that therefore, said bond had been rejected by the Secretary of the Treasury. (See footnote 1.)

At the hearing of the case the Secretary of the Treasury assumed the position that the taxpayer Maeso Hermanos, *S. en C.*, to whom the deficiencies had been notified, was not in court; that said taxpayer Maeso Hermanos, *S. en C.* had not furnished the bond required by law to appeal to court and that, therefore, it lacked jurisdiction to entertain the case; that the Estate of Simón Maeso, whose existence as such had been denied in the answer to the complaint, was not a party to the case; that the Secretary of the Treasury was not going to collect from the Estate the tax notified to the

---

"August 3, 1953

Maeso Hermanos, *S. en C.*
Carolina, Puerto Rico

Subject: Maeso Hermanos,
*S. en C.*,
Bond for $33,500
Years: 1941–1950

Sirs:

The bond filed in the above-entitled case contains the following error:

The 'Estate of Simón Maeso' appears as taxpayer when it should be Maeso Hermanos, *S. en C.*, pursuant to the notification of deficiency dated June 24, 1953.

Therefore a new bond must be filed in the name of Maeso Hermanos, *S. en C.*

A term of ten (10) days starting today is granted to correct the above-mentioned error.

Cordially,

(Sgd.) A. Laloma,
Director"

Maeso Hermanos, *S. en C.* did not correct the error assigned nor furnished any bond to appear before the Superior Court.

special partnership Maeso Hermanos, *S. en C.*, and that it would return to the heirs the bond furnished to him by them.

Assuming a different position opposite to the one we have just presented, the Secretary of the Treasury alleged and tried to sustain with evidence that the Estate of Simón Maeso was a joint venture and that it was compelled to pay the tax in litigation at the rate fixed by law for partnerships.

After receiving documentary evidence presented by both parties and after having heard the testimony of several witnesses introduced by plaintiffs, the lower court issued an order suspending the case on the merits while the privileged question of jurisdiction raised by the defendant was determined.

Shortly after this order had been entered, and without further proceedings, the lower court filed with the record an "Opinion and Judgment" in which after referring to the pleadings and to the evidence it reached the following conclusions and decision:

"The sufficiency of the bond is not in issue. The Estate of Simón Maeso, upon furnishing the one required by law, and upon expounding in its complaint that the Secretary of the Treasury has erred in concluding that Maeso Hermanos, *S. en C.* exists and should satisfy the tax deficiencies notified, as a matter of fact, to the afore-mentioned Estate, the latter has supplied to the Secretary of the Treasury with an opportunity to sustain the correction of his decision before this court.

"But defendant has rejected that opportunity offered to him and insists that this court lacks jurisdiction to entertain the complaint in the above-entitled case.

"In view of this attitude and insistence of the respondent. we conclude that:

"In the present case plaintiff has acted in good faith, and very diligently furnished the bond required in accordance with the law.

"Defendant has withheld such bond in his possession without returning it, since the end of July 1953 until December 17, 1953. on which latter date it was presented in evidence by respondent himself in the above-entitled case as 'Exhibit C'.

"It is obvious that if defendant would not insist that his determination of deficiency refers exclusively to the taxpayer Maeso Hermanos, *S. en C.*, and not to the plaintiffs herein, this court would have jurisdiction to entertain the case and settle the dispute.

"Inasmuch as according to the averments of the Secretary of the Treasury himself and likewise to his actions up to now, the Estate of Simón Maeso, composed of the heirs enumerated in the above-entitled case, is not the one compelled to pay to the public treasury the tax deficiencies which were notified to the 'taxpayer' Maeso Hermanos, *S. en C.*, we decide that, in furtherance of justice, this court should not give additional time to new hearings where the plaintiffs would have the opportunity to prove that they in their capacity of members of the aforementioned Estate of Simón Maeso, who were notified on June 24, 1953 as if they were 'Maeso Hermanos, *S. en C.*,' have not belonged during the years mentioned in the complaint to the partnership in question nor have withheld or withhold in their possession, any amount of money belonging to the public treasury, which it should have duly paid to the latter for income tax of a legal entity known as Maeso Hermanos, *S. en C.*

"Judgment

"Defendant should return, as he is hereby ordered to do, to the plaintiffs the document of the bond furnished by them, relieving them from all responsibility in the payment of any tax which any other juridical person should have paid for the years 1941–50.

"If he does not change his position in the future and does not adopt a different theory from the one sustained up to now, said defendant shall abstain from causing the plaintiffs any further disturbance by means of notifications of tax deficiencies and charging taxes which another juridical person should pay and from whom he should require payment." (Judgment roll, pp. 20, 21, and 22.)

From this judgment the Secretary of the Treasury appealed alleging that the trial court erred (1) in not declaring itself without jurisdiction in the present case; (2) in concluding that the sufficiency of the bond was not in issue; (3) in deciding the case on the merits and granting the complaint

when the only matter under its consideration was the jurisdictional question raised by the defendant; and (4) in issuing an injunction against the defendant Secretary of the Treasury.

 The judgment rendered by the Superior Court should be reversed and another rendered instead ordering the dismissal of the complaint.

The case presents seeming complications of a procedural character due to the fact that the parties as well as the trial court have approached it erroneously. Let us see.

The Secretary of the Treasury notified an income-tax deficiency to a special partnership named Maeso Hermanos, *S. en C.* Said partnership was established by virtue of deed No. 112 executed on October 22, 1935, before notary Eduardo H. F. Dottin, by Gerardo, Cristina, Andrés, Manuel María, Amparo, and María Teresa Maeso, the first one as managing partner and the rest as silent partners. The partners in this partnership are the same ones who take to the Estate of Simón Maeso. However, the partnership has a legal personality different from that of its partners. Section 27 of the Civil Code (31 L.P.R.A. § 101); *Santiago Umpierre & Co.* v. *Wenar*, 10 P.R.R. 505; *Finlay* v. *Finlay Brothers & Waymouth Trading Co.*, 8 P.R.R. 371; *Buscaglia, Treas.* v. *Tax Court*, 69 P.R.R. 700, 705. Therefore, the taxpayer in this case was the partnership and not the Estate of Simón Maeso. This was the initial position taken by the Secretary of the Treasury from the very moment he made the notification of deficiencies.

The Estate had furnished returns and had paid the tax during the years in controversy. The partnership had not, and for that reason the deficiencies notified to the partnership included a penalty of 25 per cent for delay in the filing of the corresponding returns for said years. It is clear that the taxpayer entitled to litigate the tax before the court, was the partnership and not the Estate. The Act in force then

618

was § 57(a) of the Income Tax Act as amended by Act No. 230 of May 10, 1949.[2] Said Section required the Treasurer, now Secretary of the Treasury, to notify by registered mail, his final decision to the taxpayer who had been notified of a deficiency, regardless whether said taxpayer had or had not applied for a reconsideration thereof and from said final decision the taxpayer could appeal to the former Tax Court of Puerto Rico, "within the term, and upon compliance with the requirements provided by law." The term and requirements are provided in Act No. 235 of May 10, 1949, which establishes a uniform proceeding to appeal before the former Tax Court, now Superior Court.

Pursuant to § 2 of said Act the taxpayer shall appeal to the court within a term of 30 days following the date on which said notification of the final decision of the Treasurer was mailed, and he shall also furnish within the term indicated and as a prerequisite, a bond before the Treasurer subject to his approval.

The taxpayer, in this case the partnership of Maeso Hermanos, S. en C., did not comply with either one. On the contrary, the Estate was the one who appealed to the court and filed a bond before the Treasurer, now Secretary of the Treasury.

---

[2] Said section read thus:

"Section 57(a).—If, in the case of any taxpayer, the Treasurer determines that there is a deficiency in respect to the tax levied by this title, the taxpayer, except as provided in subdivision (c), shall be notified of such deficiency by registered mail, and the taxpayer may, within thirty (30) days following the date on which said notification was mailed, or within such extension of time as the Treasurer may grant to him for the purpose, apply in writing to the latter, for a reconsideration of and an administrative hearing on the matter, setting forth in his application the reasons he may have therefor. If the taxpayer does not apply for a reconsideration in the manner and within the term herein provided, or if after having applied for same the Treasurer should confirm in whole or in part the deficiency notified, the Treasurer shall in both cases notify the taxpayer by registered mail of his final decision, and the taxpayer may appeal from said final decision to the Tax Court of Puerto Rico in the manner, within the term and upon compliance with the requirements provided by law."

The afore-cited Acts did not authorize the Estate to litigate a tax neither levied nor notified to them. It unduly appeared in court. *Cf. Pedro A. Pizá, Inc.* v. *Tax Court,* 72 P.R.R. 302, 305; *Valdés* v. *Secretary of the Treasury,* 78 P.R.R. 551, 558. If the partnership wanted to litigate the tax it should have followed the procedure established by law. In failing to do so on time, it lost, at least, the right to appeal established in § 57(*a*) of the Income Tax Act and the afore-cited Act No. 235 of May 10, 1949. If the contention of the taxpayer, Maeso Hermanos, *S. en C.* was the one the Estate sought to raise, that is, that Maeso Hermanos *S. en C.* had not performed any kind of operations nor received taxable income, nothing precluded said taxpayer from appearing in court to discuss the question. On the contrary, the statute granted it such a remedy.

█ On the other hand, the Secretary of the Treasury raised the question of lack of jurisdiction of the court on the ground that appellant had not previously furnished before him the bond required by law from every taxpayer in order to appeal. The bond furnished by the Estate of Simón Maeso was not accepted by the Secretary of the Treasury, not because the amount of the bond was insufficient but because it could not satisfy the taxes notified to the real taxpayer, the partnership Maeso Hermanos, *S. en C.* In view of that situation, the proper thing for the Secretary of the Treasury to do was to move for the dismissal of the complaint filed by the Estate, since it had no status to litigate the tax owed by a juridical person distinct from the members of the Estate. As a result, the decision of the lower court should have been limited to ordering the dismissal of the case without adding any other pronouncement as to further actions of the Secretary of the Treasury related to the collection of the taxes notified to Maeso Hermanos, *S. en C.* The parties had not even finished the presentation of the evidence on the day the court rendered the judgment

on review before us. Therefore, the court was not in a position to include in its judgment any pronouncement as to the merits of the case.

The judgment rendered by the Superior Court shall be reversed and another rendered instead ordering the dismissal of the case.[3]

---

[3] We have deemed it unnecessary to make any pronouncement ordering the Secretary of the Treasury to return the bond paper to the Estate of Simón Maeso in view of the fact that (1) the Secretary of the Treasury announced to the Superior Court that he would return said bond to the Estate; (2) said bond does not meet the taxes the special partnership Maeso Hermanos, *S. en C.* might owe, and (3) neither would said bond answer for any tax that the Secretary of the Treasury might attempt to collect in the future, from the Estate of Simón Maeso.